IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Kenneth J. Ray, | ) | C/A No. 4:05-2315-RBH-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Warden, Colie L. Rushton, Henry D. | ) | |
| McMaster, Attorney General of the State | ) | |
| of South Carolina, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner, Kenneth J. Ray ("Petitioner/Ray), is an inmate in the custody of the South

Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a

writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on August 19, 2005.  Respondents filed a

motion for summary judgment on October 26, 2005, along with supporting memorandum.  The

undersigned issued an order filed October 28, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309

(4th Cir. 1975), advising petitioner of the motion for summary judgment procedure and the possible

consequences if he failed to respond adequately. Petitioner filed a response to respondents' motion

for summary judgment on January 9, 2006.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC.  Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## I. PROCEDURAL HISTORY

Petitioner is currently incarcerated with the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court of Spartanburg County. Petitioner was indicted in August 2000 for trafficking in cocaine and possession of a firearm or knife during commission or attempt to commit a violent crime. (App.pp. 59-60). Petitioner retained W. Benjamin McClain, Jr. Esquire, to represent him on the charges. On June 26, 2001, after negotiations with the State, petitioner pleaded guilty to trafficking, and the firearm charge was *nolle prossed*. (App. p. 3). The Honorable John C. Few, Circuit Court Judge, heard and accepted the plea. The judge also accepted the terms of the negotiated sentence and sentenced petitioner to eighteen (18) years imprisonment. (App. pp. 3 and 19). Petitioner did not appeal.

Petitioner filed an application for post-conviction relief ("PCR") on April 19, 2002, and alleged the following grounds for relief:

9(a)    Denial of 6th Amendment right to effective assistance of counsil [sic].

9(b)    No meaningful or effective assitance [sic] of council [sic].

(App.p.22).

The State made its return on December 12, 2002. (App.pp. 29-33). Richard H. Warder, Esquire, represented petitioner in his PCR action. An evidentiary hearing was held November 10, 2003, before the Honorable J. Derham Cole, Circuit Court Judge. (App.p.34). At the conclusion of the hearing, the PCR judge granted the State's motion for directed verdict and denied relief. (App. pp. 50-51). The PCR judge issued a written order of dismissal on January 5, 2004. (App. pp. 54-58). Petitioner appealed the denial of relief.

Robert M. Pachak, Assistant Appellate Defender of the South Carolina Office of Appellate Defense, represented petitioner on appeal. Appellate counsel filed a *Johnson* Petition for Writ of Certiorari in the Supreme Court of South Carolina on March 18, 2004, and raised the following single issue:

> Whether petitioner's guilty plea complied with the mandates set forth in <u>Boykin v. Alabama</u>?

(Cert. Pet.).

Petitioner filed a *pro se* response to appellate counsel's filing. On July 21, 2004, petitioner filed a petition for writ of certiorari and raised the following questions:

> 1. Did Counsel render ineffective assistance by advising Petitioner to plead guilty upon the inference of no defense to a trafficking charge without explaining to client the definition of trafficking, informing him of the abandonment defense, and by not inquiring into if the Petitioner clearly understood the provisions of the guilty plea?
>
> 2. Did the General Sessions Court lack subject matter jurisdiction to hear indictments not filed pursuant to Rule 3 (c), SCRIM P and jurisdiction to accept Petitioner's plea without a properly signed waiver of presentment?

(*Pro Se* Cert. Pet., p. 1).

In argument, petitioner also presented the following issues:

> I. Counsel was ineffective by advising Petitioner to plead guilty upon the inference of no defense to a trafficking charge;
>
> II. Counsel was ineffective by advising Petitioner to plead guilty when the State's evidence failed to support the very definition of trafficking in the Constitutional sense;

3

> III.    Counsel was ineffective by advising Petitioner to plead guilty in light of the "abandonment" defense;
>
> IV.    Counsel was ineffective for not arguing the court's failure to make an open court assesment [sic] of whether Petitioner understands a plea of guilt waives rights to appeal collaterally to attack sentence;
>
> V.    The General Sessions Court lacked subject matter jurisdiction to entertain indictments on trafficking and possession of a weapon during the commission of a violent crime when the indictments were not filed pursuant to Rule 3(c), SCR CRIM P.
>
> VI.    The court lacked jurisdiction to accept Petitioner's plea without a properly signed waiver of presentment.

(*Pro Se* Cert.Pet.,pp.309).

The South Carolina Supreme Court denied the petition on May 18, 2005, and issued the remittitur on June 6, 2005.

## II. GROUNDS FOR RELIEF

In his *pro se* Petition for Writ of Habeas Corpus, filed August 19, 2005, petitioner raised the following challenges to his conviction:

> GROUND ONE:    Petitioner was deprived of his 6th and 14th Amendment rights to Effective Assistance of Counsel during state criminal process:
>
> 1(a)    Counsel's  failure to adequately investigate and prepare case deprive Petitioner of 6th and 14th Amendment rights to Effective Assistance of Counsel;
>
> 1(b)    Counsel's failure to ensure Petitioner knew, by talking to Petitioner and having the Plea hearing judge make an open-court assessment, that the plea would waive Petitioner's right(s) to Appeal or collaterally-attack entry of plea deprived Petitioner Effective Assistance of Counsel;

4

1(c)     Counsel's advice to Petitioner, to plead guilty in light of Abandonment Defense to Trafficking charge, deprived Petitioner of Effective Assistance of Counsel;

1(d)     Counsel's advice to plead guilty, when the State's evidence fails to support the very definition of trafficking, in the Constitutional sense, deprived Petitioner of Effective Assistance of Counsel.

(Habeas petition, p. 5 and attachments).

On August 31, 2005, counsel for petitioner filed a supplemental petition and raised the following additional arguments under Ground One, alleging petitioner was denied effective assistance of counsel by:

(1)     Counsel's failure to explain to the Petitioner his possible defenses of Entrapment and Abandonment; and,

(2)     Counsel's statement to Petitioner that the he had no defense and to advise him to plead guilty.

(Supplemental Petition).


### III.  SUMMARY JUDGMENT

On October 27, 2005, the respondents filed a return and memorandum of law in support of their motion for summary judgment.  As stated, petitioner filed a response in opposition on January 9, 2006.

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases.  See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972).  The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts

5

which set forth a federal claim, <u>Weller v. Department of Social Services</u>, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and <u>Celotex v. Catrett</u>, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. <u>See</u> Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the <u>Celotex</u> case, the defendants are "entitled to judgment as a matter of law" under Rule 56(c) because the petitioner has failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. <u>Celotex</u>, 477 U.S. at 322-323.

## IV.  STANDARD OF REVIEW

Since Ray filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as

amended. <u>Lindh v. Murphy</u>, 117 S. Ct. 2059 (1997); <u>Breard v. Pruett</u>, 134 F.3d 615 (4th Cir. 1998);

<u>Green v. French</u>, 143 F.3d 865 (4th Cir. 1998).  That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be granted
> with respect to any claim that was adjudicated on the merits in State
> court proceedings unless the adjudication of the claim--(1) resulted
> in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the
> Supreme Court of the United States; or (2) resulted in a decision that
> was based on an unreasonable determination of the facts in light of
> the evidence presented in the State court proceeding.

In a thorough discussion of the application of this statute in <u>Green</u>, the Fourth Circuit stated:

> If a state court decision is in square conflict with a precedent
> (supreme court) which is controlling as to law and fact, then the writ
> of habeas corpus should issue; if no such controlling decision exists,
> the writ should issue only if the state court's resolution of a question
> of pure law rests upon an objectively unreasonable derivation of legal
> principles from the relevant supreme court precedents, or if its
> decision rests upon an objectively unreasonable application of
> established principles to new facts. In other words, habeas relief is
> authorized only when the state courts have decided the question by
> interpreting or applying the relevant precedent in a manner that
> reasonable jurists would all agree is unreasonable.

See also <u>Fitzgerald v. Greene</u>, 150 F.3d 357, 362 (4th Cir. 1998); <u>Wright v. Angelone</u>, 151 F.3d 151,

156 (4th Cir. 1998); <u>Cardwell v. Greene</u>, 152 F.3d 331, 339 (4th Cir. 1998).  In <u>Williams v. Taylor</u>,

163 F.3d 860 (4th Cir. 1998), the court specifically rejected an argument that the standard of review

enunciated in <u>Green</u>, 143 F.3d 865, was erroneous.  Thus, to a large extent, the amendment of § 2254

shifts the focus of habeas review to the state court application of Supreme Court law.  <u>See</u> <u>O'Brien</u>

<u>v. DuBois</u>, 145 F.3d 16 (lst Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that

a state court's decision plays in a habeas proceeding by specifically directing the habeas court to

make the state court decision the cynosure of federal review").  Further, the facts determined by the

state court to which this standard is applied are presumed to be correct unless rebutted by the petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Wilson v. Moore, 999 F. Supp. 783 (D.S.C. 1998).

## V.  FINDINGS

### A. Petitioner's Petition

As previously stated, petitioner asserts the following as ground one in his habeas petition:

GROUND ONE:  Petitioner was deprived of his 6th and 14th Amendment rights to Effective Assistance of Counsel during state criminal process:

> 1(a)  Counsel's failure to adequately investigate and prepare case deprive Petitioner of 6th and 14th Amendment rights to Effective Assistance of Counsel;

> 1(b)  Counsel's failure to ensure Petitioner knew, by talking to Petitioner and having the Plea hearing judge make an open-court assessment, that the plea would waive Petitioner's right(s) to Appeal or collaterally-attack entry of plea deprived Petitioner Effective Assistance of Counsel;

> 1(c)  Counsel's advice to Petitioner, to plead guilty in light of Abandonment Defense to Trafficking charge, deprived Petitioner of Effective Assistance of Counsel;

> 1(d)  Counsel's advice to plead guilty, when the State's evidence fails to support the very definition of trafficking, in the Constitutional sense, deprived

Petitioner of Effective Assistance of
Counsel.

(Habeas petition, p. 5 and attachments).

On August 31, 2005, counsel for petitioner filed a supplemental petition and raised the

following additional arguments under Ground One, alleging Petitioner was denied effective

assistance of counsel by:

> (1)     Counsel's failure to explain to the Petitioner his possible defenses of
> Entrapment and Abandonment; and,
>
> (2)     Counsel's statement to Petitioner that the he had no defense and to advise
> him to plead guilty.

(Supplemental Petition).

On Respondents assert that the petition should be summarily dismissed as all the arguments

presented in Ground One are procedurally barred from review in that petitioner has procedurally

defaulted on the claims by failing to fairly and properly present the claims for resolution in the state

courts. Specifically, respondents assert that petitioner raised only a vague allegation of ineffective

assistance in his PCR application and failed to allege specific facts in support of specific errors.

Respondents argue as follows:

> At the PCR hearing, Petitioner, again vaguely, testified that it was his
> opinion that counsel failed to "do anything" in the case. (App. P. 49).
> Though repeatedly asked for specific error, Petitioner alleged nothing
> specific. (App. pp. 48-49). The PCR judge found that Petitioner failed
> to show any error in representation. (App. p. 51). Thus, the record
> clearly shows that Petitioner failed to fairly present the claims he now
> presents to this Court to the PCR court, and the claims have been
> procedurally defaulted.
>
> To the extent Petitioner claims the issues were "fairly raised" in his
> pro se petition for certiorari review, Respondents counter the issues
> were not properly raised. It is well-settled in state procedure that an

appellant may not present new or different arguments on appeal. If the argument is not presented below, it will not be considered on appeal. The claims have been procedurally defaulted.

As noted above, a procedural default may be excused if Petitioner can show cause. There is no apparent cause for the default in this record. Petitioner availed himself of the complete state PCR process, and had the assistance of counsel, yet failed to present the issues and controlling facts in the PCR application or in the hearing. The procedural bar should be applied without exception.

. . . Respondents submit that a claim of actual innocence cannot be sustained on this record. Petitioner agreed with the factual recitation at the plea that supported the trafficking charge. (App. p. 16). Petitioner admitted at the plea that he was, in fact, attempting to purchase the drugs. (App. p. 10). Petitioner again admits in the attachment to his habeas petition that he "went to purchase drugs" and that he wanted a "full kilo," leaving only when he could not obtain the full amount.

(Respondents' memorandum).

Petitioner, through counsel, responds that petitioner fully presented and exhausted all of his claims of ineffective assistance of counsel by his trial attorney, Ben McClain, during the PCR action and appeal thereon to the South Carolina Supreme Court. Petitioner submits that during the PCR hearing, he testified that his trial attorney did not inform or explain to him of a possible entrapment defense or any defense to the trafficking in cocaine charge. (Tr. 42-43). In his Petitioner for Writ of Certiorari to the South Carolina Supreme Court, the petitioner stated that his guilty plea to the trafficking in cocaine charge was not "wholly voluntary" because his trial attorney advised him to plead guilty without informing him of any possible defenses including, but not limited to, insufficient evidence and abandonment. Therefore, petitioner argues that the same claims were raised before this court to support his position that he had ineffective assistance of counsel in state trial court. Petitioner asserts as follows:

> The Petitioner properly submitted all of his claims in the PCR hearing, especially Entrapment, and the fact that his trial attorney advised him to plead guilty without discussing any possible defenses with him, in violation of his 6th and 14th Amendments rights requiring that he has the effective assistance of counsel. Also, it was presented in the PCR hearing, through Petitioner's testimony, that he changed his mind about buying any drugs and he effectively abandoned the offense of Trafficking in cocaine, the offense for which he was arrested and to which he later plead guilty on the erroneous advise of his trial attorney, Ben McClain.

(Petitioner's memorandum).

Petitioner also argues that his Appellate Defender counsel on his Writ of Certiorari to the South Carolina Supreme Court on his PCR Application really served as an *amicus curiae* and not as an advocate as required by Anders, alleging his appellate counsel never visited or spoke to him and/or conducted a conscientious investigation. Petitioner argues that he "should not be penalized by his Appellate defender counsel's failure to raise or address an issue on appeal when his Appellate defender never visited or spoke to him about his case or conducted a conscientious investigation or examination of the facts of Petitioner's case giving rise to his PCR action and this Habeas Corpus Petition." (Petitioner's brief).

## VI.   DISCUSSION AS TO PROCEDURAL BAR

### A.  Procedural Bar

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas Petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a Petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

11

### 1.  Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions.  Applications for writs of habeas corpus are governed by 28 U.S.C.§ 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States."  The statute states in part:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(I) there is either an absence of available State corrective process; or

(ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.


(2)  An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3)  A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in

conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court.

The United States Supreme Court has consistently enforced the exhaustion requirement.

> The exhaustion doctrine existed long before its codification by Congress in 1948. In Ex parte Royall, 117 U.S. 241,251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act . . .

Rose v. Lundy, 455 U.S. 509, 515 (1982).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal, See SCAR 207 and Blakeley v. Rabon, 266 S.C. 68,221 S.E.2d 767 (1976). The second avenue of relief is by filing an application for post-conviction relief (PCR). See S.C. Code Ann.§17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. See, S. C. Code Ann. § 17-27-90. Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a Petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the Petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts, Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977) and Richardson v. Turner, 716 F.2d 1059 (4th Cir.

1983). However, if Petitioner has failed to raise the issue before the state courts, but still has any means to do so, he will be required to return to the state courts to exhaust the claims. Rose 455 U.S. at 515.

## 2. Procedural bypass

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

14

Although the federal courts have the power to consider claims despite a state procedural bar,

> . . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.

Smith v. Murray, supra, quoting Wainwright v. Syke s, 433 U.S. at 84 (1977); see also Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas Petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a Petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See Murray v. Carrier, 477 U.S.478, 496 (1986).

### 3.  Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a Petitioner before this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court.  A federal court is barred from considering the   filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997); cert.denied, 118 S.Ct. 102 (1997) citing Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991); Teague v. Lane, 489 U.S. 288,297-98 (1989); and George v. Angelone, 100 F.3d 353,363 (4th Cir. 1996).

### 4.  Cause and Actual Prejudice

The requirement of exhaustion is not jurisdictional and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. Granberry v. Greer, 481 U.S. 129, 131 (1987). In order to have such claims considered, a Petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, Coleman v. Thompson, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. Murray v. Carrier, 477 U.S. 478 (1986). A Petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. Murray v. Carrier, 477 U.S. 478 (1986); Clozza v. Murray, 913 F.2d 1092 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991); and Clanton v. Muncy, 845 F.2d 1238 (4th Cir. 1988), cert. denied, 485 U.S. 1000 (1988).

Absent a showing of "cause," the court is not required to consider "actual prejudice." Turner v. Jabe, 58 F.3d 924 (4th Cir. 1995). However, if a Petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. Murray v. Carrier, 477 U.S. at 492. To show actual prejudice, the Petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. United States v. Frady, 456 U.S. 152 (1982).

In the case of Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir. 1995), cert. denied 517 U.S.1171 (1996), 116 S.Ct. 1575 (1996), the Court of Appeals stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. The Court noted that it is always tempting to discuss the merits as an alternative reason for a conclusion, but that once a court finds an issue to be procedurally barred, all discussion which follows is only dicta. See Karsten v.

16

Kaiser Foundation Health Plan, 36 F.3d 8, 11 (4th Cir. 1993). Once a court has determined that a claim is procedurally barred, it should not stray into other considerations.

With that background, relevant issues in relation to Ray's claim will be discussed.

The undersigned concludes that the petitioner has exhausted all of his claims in state court as they could not be properly raised in state court at this juncture. However, the respondents argue that the issues are procedurally defaulted.

As previously outlined, petitioner raised the general ground of ineffective assistance of counsel in his PCR application. A review of the PCR transcript reveals that petitioner testified that: he only met with his trial counsel on three or four occasions for 30 minutes to an hour each time; he received a call on Sunday night to be in court on Tuesday without any trial preparation; he pleaded guilty because his trial attorney told him he could get 30 years; he did not think his attorney did his job; his trial attorney did not ever go over the defense of entrapment; he did not think his trial attorney did anything; and, he did not talk to his attorney after the trial. (PCR transcript).

In the light most favorable to petitioner, these grounds were generally raised in his PCR application. The standard for state court exhaustion is whether he fairly presented his federal claim to the state court. A claim is fairly presented when the petitioner presented to the state courts the substance of his federal habeas corpus claim. The undersigned finds that petitioner fairly presented the substance of this ground to the state courts. See Ramdass v. Angelone, 187 F.3d 396, 402 (4th Cir. 1999) (holding that general claim exhausted specific claim), aff'd 530 U.S. 156 (2000). Furthermore, these issues were raised in the PCR appeal. Therefore, the undersigned concludes that based on the PCR transcript, petitioner's entire habeas petition is not procedurally defaulted. Therefore, the undersigned will address the merits.

17

## VII. MERITS

## GROUNDS ONE(a) AND ONE(b)

In petitioner's ground 1(a), petitioner asserts the following:

> 1(a) Counsel's failure to adequately investigate and prepare case deprived Petitioner of 6th and 14th amendment rights to Effective Assistance of Counsel.

In petitioner's ground 1(b), petitioner asserts the following:

> Counsel's failure to ensure Petitioner knew, by talking to Petitioner and having the Plea hearing judge make an open-court assessment, that the plea would waive Petitioner's right(s) to Appeal or collaterally-attack entry of plea deprived Petitioner Effective Assistance of Counsel.

(Petition).

Respondents argue that petitioner asserts that counsel failed to make "adequate investigations" and prepare a defense, but he failed to alleg and show specific error in the state PCR action and the facts in support of this allegation remain undetermined. Respondents assert that the PCR judge's finding that petitioner's testimony that counsel did not adequately prepare was not credible. (App. p. 57). Respondents assert that this is a factual determination entitled to deference pursuant to 28 U.S.C. §2254(e)(1). Respondents argue that the PCR judge also concluded that petitioner failed to show error and prejudice and, thus, failed in his burden of proving both attorney error and prejudice. Further, as to ground 1(b), respondents assert that petitioner essentially argues that he waived his right to appeal or collaterally challenge the plea, and that waiver should have been placed on the record. Respondents argue that this is obviously incorrect because petitioner did, in fact, challenge the plea in state PCR proceedings.

18

It is noted that petitioner's entire response in opposition to the motion for summary judgment as to the merits reads as follows:

> As testified to by affidavit testimony, the Petitioner and his father both state that, at no time, before the Petitioner's guilty plea on the day of his trial, did the Petitioner's trial counsel, Ben McClain, discuss any possible defenses with the Petitioner to the Trafficking in cocaine charge which any competent criminal defense attorney knows is and should be a preliminary step before any defendant can knowingly, voluntarily and intelligently enter a guilty plea to any charge.

(Petitioner's memorandum p. 13).

Petitioner also submitted his affidavit and the affidavit of his father, Woodrow Green. (Doc.#19-1 and #19-2). In petitioner's affidavit, he attests that he had no prior criminal record when he was arrested on this Trafficking in cocaine charge on March 16, 2000, and that the undercover operative first approached him saying that he wanted to buy some cocaine. Petitioner attests that when he told the undercover operative, Odell, that he did not have any cocaine, Odell said he could help him and petitioner gave Odell his telephone number. Petitioner attests that the undercover operative called him 3 or 4 times before petitioner agreed to meet him. Petitioner attests that he agreed to meet the undercover operative at the Econo Lodge Hotel in Spartanburg. Petitioner attests that when he got into the room there were no drugs and after he counted petitioner's money, the undercover operative called someone on a cell phone and someone came to the door and handed in the drugs and a scale. Petitioner attests that the undercover operative then put the drugs on the scale on the table and told petitioner that he could weigh it and check it. Petitioner attests that when the undercover operative dumped the drugs on the table, he told the undercover operative that he did not want it. Petitioner asserts that the undercover operative started trying to negotiate with him for a

lower price but petitioner told him three times that he did not want it. Petitioner asserts he walked out of the room with the bag of money and was surrounded by officers who took the bag, smashed in his driver's window, and threw his girlfriend out of the truck to the ground. Petitioner asserts that at the police station, the officers wrote down what he was saying but "worded it the way they wanted to." Petitioner asserts that he signed the statement because he did not want his girlfriend to get into any trouble. Petitioner asserts that he retained attorney Ben McClain who he met with 3 or 4 times but never discussed any possible defenses to the charges. Petitioner attests that his trial attorney never discussed with him before the trial date on June 26, 2001,  any defense and advised him that he had no defenses. Petitioner attests that his attorney told him his best option was to plead guilty to a reduced charge of 18 years. Petitioner attests that his attorney never discussed an entrapment or abandonment defense with him.

Petitioner's father, Woodrow Green, submitted his affidavit attesting that he accompanied his son to the courthouse on June 26, 2001, when his case was called for trial. Green attests that he was with his son while he was talking to his attorney and heard the attorney tell him that after viewing the videotape, he felt his son did not have a defense to the trafficking in cocaine charge and his best option was to plead guilty. Green attests that the attorney told him that his son could get 25 years, the maximum. Green attests that the attorney stated that his son had no defense and his best option was to plead guilty and receive an  18 year sentence. Petitioner asserts that he paid the attorney $2000 to file an appeal but never received a receipt and no appeal was filed to his knowledge.(Doc. #19-1).

When presented with an application for habeas relief, the first inquiry by the court is to determine whether the claim raised in the petition was "adjudicated on the merits" by the state court.

20

28 U.S.C.A. §2254(d). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. § 2254(d)(1),(2); See Williams v. Taylor, 529 U.S. at 398. If, however, "a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits . . . , our review of questions of law and mixed questions of law and fact is de novo." Weeks v. Angelone, 176 F.3d 249, 258 (4th Cir. 1999).

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland, reversed on other grounds, 476 U.S. 28

21

(1986)).  In meeting the second prong of the inquiry, a complaining defendant must show that he was

prejudiced before being entitled to reversal.  <u>Strickland</u> requires that:

> [T]he defendant must show that there is a reasonable probability that,
> but for counsel's unprofessional  errors, the result of the proceeding
> would have been different.  A reasonable probability is a probability
> sufficient to undermine confidence in the outcome.

<u>Strickland</u>, at 694.

In <u>Lockhart v. Fretwell</u>, 506 U.S. 364 (1993), the Supreme Court clarified its definition of

prejudice quoted above, stating that "an analysis focusing solely on mere outcome determination .

. . is defective."  Instead, an appropriate analysis of prejudice should consider "whether the result of

the proceeding was fundamentally unfair or unreliable."  Therefore, a court analyzing the prejudice

prong should not "set aside a conviction or sentence solely because the outcome would have been

different but for counsel's error."  <u>See</u> <u>Williams v. Taylor</u>, Nos. 98-14, 98-16, 1998 WL 883336 (4th

Cir. Va. Dec. 18, 1998) (quoting <u>Lockhart</u>, at 369-70).

The court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the
> reasonableness of counsel's challenged conduct on the facts of the
> particular case, viewed as of the time of counsel's conduct . . . the
> court must then determine whether, in light of all the circumstances,
> the identified acts or omissions were outside the <u>wide</u> <u>range</u> of
> professionally competent assistance.  (Emphasis added.)

Further, a plea of guilty is considered by the court to be a solemn judicial admission that the

charges against the defendant are true.  The defendant may not later argue that his plea was invalid

except in extremely limited circumstances, <u>Blackledge v. Allison</u>, 431 U.S. 63 (1977).  The

statements made by a defendant at the time he pleads guilty are taken as conclusive unless he can

22

clearly demonstrate why those statements were not true, <u>Crawford v. United States</u>, 519 F.2d 347, 350 (4th Cir. 1975).

A review of <u>Hill</u>, <u>supra,</u> by the undersigned reveals the court held that, quoted verbatim:

> Although our decision in <u>Strickland v. Washington</u> dealt with a claim of ineffective assistance of counsel in a capital sentencing proceeding, and was premised in part on the similarity between such a proceeding and the usual criminal trial, the same two-part standard seems to us applicable to ineffective-assistance claims arising out of the plea process. Certainly our justifications for imposing the "prejudice" requirement in <u>Strickland v. Washington</u> are also relevant in the context of guilty pleas.

<u>Hill</u>, 474 U.S. at 56.

A review of the PCR judge's order of dismissal reveals the following findings:

> The allegation that the Applicant's guilty plea was rendered involuntary as the result of ineffective assistance of counsel is without merit. This court finds that every aspect of the applicant's testimony regarding the deficiencies of his trial counsel's representation was not credible. The Applicant presented no credible evidence to support his allegation that trial counsel's representation fell below reasonable professional norms. This Court finds that the transcript speaks for itself and conclusively shows that Applicant understood the consequences of a guilty plea, his Constitutional rights, and the possible sentences. This Court finds that trial counsel was not deficient in any aspect of his representation and performed well within reasonable professional norms for a criminal attorney. <u>Strickland v. Washington</u>; <u>Hill v. Lockhart</u>. The Court further finds that the Applicant presented no credible evidence to carry his burden of proof to show prejudice from the alleged deficient representation. <u>Id</u>. This Court further finds the Applicant also failed to carry his burden of proof to show that but for trial counsel's alleged deficient representation, he would have not pled guilty but would have insisted on going to trial. <u>Roscoe v. State</u>. Furthermore, this Court finds the Applicant's guilty plea was knowingly and voluntarily made. <u>Boykin v. Alabama</u>; <u>Pittman v. State</u>. Therefore, the Applicant's guilty plea was not rendered involuntary as a result of the ineffective assistance of counsel. Accordingly, the allegation of involuntary guilty plea

resulting from the allegation of ineffective assistance of counsel is
denied.

As to any and all allegations which were or could have been raised in
the application or at the hearing in this matter, but were not
specifically addressed in this Order, this Court finds that the
Applicant failed to present any probative evidence regarding such
allegations. Accordingly, this Court finds that the Applicant waived
such allegations and failed to meet his burden of proof regarding
them.

( PCR Order of Dismissal).

The record supports the PCR judge's finding that the petitioner has not demonstrated that his

attorney's performance was deficient for "failure to adequately investigate petitioner's case" and "by

failing to have the plea hearing judge make an open court assessment, that the plea would waive

petitioner's right to Appeal" by showing that his representation fell below an objective standard of

reasonableness and, further, he has not shown that the attorney's performance actually prejudiced

him. As the PCR court's rejection of the ineffective assistance of counsel ground for relief did not

result in an unreasonable application of Strickland and was not based upon an unreasonable

determination of facts in light of the state court record, this ground is without merit. No genuine

issue of material fact has been shown in regard to this issue. Strickland, supra.

A review of the plea transcript reveals that at the time of the plea, petitioner stated that he

understood the meaning of the three strike law and that the crime he was pleading to was designated

as violent. The trial attorney stated to the court that he had explained the designations to petitioner

and that he understood. The trial judge asked petitioner if he understood that the designation of

violent means that he will not be eligible for parole on this offense and petitioner responded that he

understood. After being informed by the court of his rights to remain silent, right against self-

incrimination, and right to confront witnesses, petitioner stated that he understood those rights but were giving them up to plead guilty. Petitioner stated under oath that he was guilty of the crime and that on the day in question he was attempting to purchase the drugs. Petitioner also stated that he had reviewed the videotape of the attempted transaction and all the statements received as result of his attorney's Brady motion. Further, when asked by the court if he went to trial, did he think the State could establish his guilt beyond a reasonable doubt, and that he would most probably be convicted, petitioner responded, "yes, sir." Petitioner stated that other than the negotiated sentence of eighteen years, he had not been promised anything else or threatened by anyone. Petitioner stated that he was completely satisfied with his attorney, he felt that the had talked to him as often and for as long as he felt necessary for his attorney to properly represent him. Petitioner stated that he did not need any more time to talk with his attorney and that he felt his attorney had done everything for him that his attorney could have done. Petitioner stated that he had no questions for the trial judge and that no-one had instructed him on how to answer the questions but that his answers had been truthful.  (Trial transcript pp. 8-13).

A thorough review of the record[2] by the undersigned results in the undersigned's recommendation that respondents' motion for summary judgment be granted on these two portions of ground one. The petitioner has simply put forth insufficient evidence to show that his counsel was ineffective in representing him due to failing to "adequately investigate and prepare case." Additionally, petitioner did appeal his plea by filing a PCR and a PCR appeal. Therefore, ground

---

[2] It should be noted that although his father has submitted an affidavit in this case, he did not testify at the PCR hearing.

1(b) is without merit. The undersigned finds that there was no constitutional violation denying effective assistance of counsel as to grounds one(a) and one(b).

The undersigned finds that counsel met the reasonableness test of <u>Strickland</u>, <u>supra</u>. Certainly, petitioner has failed, assuming *arguendo* there was error, to show the result was fundamentally unfair or unreliable.

## GROUND ONE(d)

In ground one(d), petitioner alleges the following:

> Counsel's advice to plead guilty, when the State's evidence fails to support the very definition of trafficking, in the Constitutional sense, deprived Petition of Effective Assistance of Counsel.

Respondents argue that "attempt" is clearly part of the statute defining trafficking under the State's law, S.C. Code § 44-53-370(e), and this ground is without any merit.

The Code Section for Trafficking in South Carolina, S.C. code §44-53-370(e) reads as follows:

> e) Any person who knowingly sells, manufactures, cultivates, delivers, purchases, or brings into this State, or who provides financial assistance or otherwise aids, abets, attempts, or conspires to sell, manufacture, cultivate, deliver, purchase, or bring into this State, or who is knowingly in actual or constructive possession or who knowingly attempts to become in actual or constructive possession of:
>
> > (2) ten grams or more of cocaine or any mixtures containing cocaine, as provided in Section 44-53-210(b)(4), is guilty of a felony which is known as "trafficking in cocaine" and, upon conviction, must be punished as follows if the quantity involved is:
> >
> > > (a) ten grams or more, but less than twenty-eight grams:

26

1. for a first offense, a term of imprisonment of not less than three years nor more than ten years, no part of which may be suspended nor probation granted, and a fine of twenty-five thousand dollars;

2. for a second offense, a term of imprisonment of not less than five years nor more than thirty years, no part of which may be suspended nor probation granted, and a fine of fifty thousand dollars;

3. for a third or subsequent offense, a mandatory minimum term of imprisonment of not less than twenty-five years nor more than thirty years, no part of which may be suspended nor probation granted, and a fine of fifty thousand dollars;

(b) twenty-eight grams or more, but less than one hundred grams:

1. for a first offense, a term of imprisonment of not less than seven years nor more than twenty-five years, no part of which may be suspended nor probation granted, and a fine of fifty thousand dollars;

2. for a second offense, a term of imprisonment of not less than seven years nor more than thirty years, no part of which may be suspended nor probation granted, and a fine of fifty thousand dollars;

3. for a third or subsequent offense, a mandatory minimum term of imprisonment of not less than twenty-five years and not more than thirty years, no part of which may be suspended nor probation granted, and a fine of fifty thousand dollars;

(c) one hundred grams or more, but less than two hundred grams, a mandatory term of imprisonment of twenty-five years, no part of which may be suspended nor probation granted, and a fine of fifty thousand dollars;

(d) two hundred grams or more, but less than four hundred grams, a mandatory term of imprisonment of twenty-five years, no part of which may be suspended nor probation granted, and a fine of one hundred thousand dollars;

(e) four hundred grams or more, a term of imprisonment of not less than twenty-five years nor more than thirty years with a mandatory minimum term of

imprisonment of twenty-five years, no part of which may be suspended nor probation granted, and a fine of two hundred thousand dollars;

Plaintiff has admitted that he was attempting to purchase a kilo of cocaine but did not purchase the cocaine because it was only a half of a full kilo. Therefore, even though petitioner did not actually purchase the cocaine, he was "attempting" to purchase which complies with the statute. Based on the evidence, there was no error by counsel with regard to this allegation.

### GROUNDS ONE(C), ONE(E) AND ONE(F):

Next, petitioner raised the following three grounds as to ineffective assistance of counsel:

> ground 1(c):    Counsel's advise to Petitioner, to plead guilty in light of Abandonment Defense to Trafficking charge, deprived Petitioner of Effective Assistance of Counsel.

> ground 1(e):    Counsel failed to explain to the Petitioner his possible defenses of Entrapment and Abandonment:

> ground 1(f):    Counsel's statement to Petitioner that he had no defense and [should] plead guilty.

Grounds 1(e) and 1(f) were raised through counsel in the supplemental petition.

As to ground 1(c), respondents argue that petitioner admitted that he attempted to purchase cocaine and that he only failed to complete the purchase because the "full kilo" was not available. (Habeas petition, attachment, p.4). Respondents assert that the fact petitioner negotiated and attempted to purchase a "full kilo" is unquestioned. Further, respondents assert that it is clear that the plea judge reviewed petitioner's Constitutional rights before accepting the plea, and questioned

28

petitioner about the voluntariness of the plea and his understanding of the consequences of his plea. (App. P. 9-12). Respondents assert that petitioner waived his right to present any and all defenses by his voluntary plea.

As to ground 1(e), respondents contend that these issues are without merit in that petitioner failed to present this allegation in the state court and he is barred from doing so in this action. Also, respondents argue that petitioner failed to develop the factual basis for this allegation during his PCR action and respondents simply cannot know what was discussed and was not discussed.

As to ground 1(f), respondents argue that petitioner has failed to present a factual basis to support this allegation. Even if true, respondents contend that counsel's statement would appear accurate in light of petitioner's repeated confession. Respondents also argue that even if this statement was made and unnerved petitioner to the extent he claims, then petitioner should have expressed great dissatisfaction with counsel during the plea, but, as noted above, he did just the opposite.

Plaintiff alleges that counsel should have discussed possible defenses with him including the defense of entrapment and abandonment. As to the abandonment defense, petitioner admitted that he went to purchase a full kilo but did not complete the purchase or abandoned the purchase when the full amount was not available. Additionally, petitioner pleaded guilty to the charges. A guilty plea waives nearly all non-jurisdictional claims except for claims concerning the voluntariness of the plea and the effectiveness of defense counsel. A plea of guilty is considered by the court to be a solemn judicial admission that the charges against the defendant are true. The defendant may not later argue that his plea was invalid except in extremely limited circumstances, Blackledge v. Allison, 431 U.S.

29

63 (1977)( explaining that in a very limited number of cases the court will allow a defendant's challenge to his plea on the basis that the plea was "the product of such factors as misunderstanding, duress, or misrepresentation by others," though the allegations must be concrete and specific). At the time of the plea, petitioner admitted that he was guilty of attempting to purchase a full kilo. Furthermore, the details of the crime were announced to the court by the Solicitor's office including the fact that he only stopped the purchase because the full kilo was not there and petitioner stated that he agreed with what was said. Additionally, petitioner admitted that he gave a statement after he was arrested and that the statement was correct even though he had stated that the officers "worded it the way they wanted." (Tr. 16-17). Accordingly, petitioner's argument that counsel was ineffective for failing to inform him of a defense of abandonment fails. Therefore, the undersigned recommends that ground 1(c) be dismissed.

Next, the petitioner's claim that counsel should have informed him of the possible defense of entrapment will be addressed.

The South Carolina Court of Appeals in the case of  State v. Brown, 362 S.C. 258, 607 S.E.2d 93 (Ct. App. 2004), *cert. denied* (April 6, 2006), held the following with regards to the defense of entrapment:

> The affirmative defense of entrapment is available where there is the 'conception and planning of an offense by an officer, and his procurement of its commission by one who would not have perpetrated it except for trickery, persuasion, or fraud of the officer.' . . . It is a well settled principle of law that the defense of entrapment is not available to a defendant exhibiting a predisposition to commit a crime independent of governmental inducement and influence.. . . thus, the entrapment defense consists of two elements: (1) government inducement, and (2) lack of predisposition. Matthews v. United Sates, 485 U.S. 58, 63, 108 S.Ct. 883, 99 L.Ed.2d 54 (1988).

30

(Id. at 95).

While plaintiff may have been able to meet the burden of showing inducement, he would still have to overcome any reasonable doubt that he was predisposed to commit the crime. It is noted that at the time of the arrest, plaintiff did not have a criminal record but he did have over $23,000.00 in cash and a nine millimeter Taurus pistol.

A review of the PCR hearing transcript reveals that trial counsel did not testify and a directed verdict was granted for respondents. Therefore, in the light most favorable to the petitioner, there was deficient performance by counsel in that he did not discuss the possible defense of entrapment with petitioner but informed petitioner that he did not have any defenses.

However, even if petitioner has shown sufficient error, he must establish the second prong of the analysis, prejudice. To establish prejudice petitioner must establish that his guilty plea was fundamentally unfair or unreliable; that there is a reasonable probability that but for the error, he would not have entered a plea of guilty. Petitioner made a statement confessing to the crime. Further, petitioner never testified at the PCR hearing that had trial counsel informed him of a possible defense, he would not have pleaded guilty. It is noted from the plea transcript that petitioner was originally charged with trafficking cocaine more than four hundred grams, which carries twenty-five to thirty years and was indicted for possession of a firearm during the commission of a violent crime. As part of the guilty plea, the State agreed to accept a guilty plea to trafficking cocaine twenty-eight to a hundred grams, and agreed to nol-pross the possession of a firearm during the commission of a violent crime. (Plea hearing transcript). Thus, even if petitioner had known of the a possible defense, he still has not shown that he would not have pleaded guilty to overcome the

31

possibility of a sentence of more than eighteen years in that he had given a statement confessing to an attempt to purchase 2.2 kilos of cocaine and there was a video tape of the attempted transaction in the hotel room. (Plea transcript p. 16-17). Additionally, petitioner was in possession of $23,466.00 in cash and a nine millimeter Taurus pistol when he arrived at the hotel where the transaction was to take place. As stated above, the PCR court found that "the Applicant presented no credible evidence to carry his burden of proof to show prejudice from the alleged deficient representation. Id. This Court further finds the Applicant also failed to carry his burden of proof to show that but for trial counsel's alleged deficient representation, he would have not pled guilty but would have insisted on going to trial. Roscoe v. State." Based on a review of the transcripts, petitioner has not shown that the failure to inform him of any possible defenses, including entrapment, caused him actual prejudice. Therefore, it is recommended that these three allegations be dismissed.

## VI.  CONCLUSION

Based on the reasons set out above, it is RECOMMENDED that respondents' motion for summary judgment (document #10) be GRANTED.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 1, 2006
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

32

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**

**&**

## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**

**United States District Court**

**Post Office Box 2317**

**Florence, South Carolina  29503**