UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Kenneth J. Ray, #276230, | ) | C/A No. 4:05-2315-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Warden, Colie L. Rushton, | ) | |
| Henry D. McMaster, Attorney General | ) | |
| of South Carolina, | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner Kenneth J. Ray is an inmate of the South Carolina Department of Corrections ("SCDC"). He petitions this court for a writ of habeas corpus under 28 U.S.C. § 2254 alleging ineffective assistance of counsel resulting in an alleged involuntary guilty plea. Petitioner's *pro se* petition was filed on August 19, 2005. His attorney filed a supplemental petition on August 31, 2005.

Petitioner is serving a sentence of eighteen (18) years for trafficking in cocaine. Petitioner pled guilty in the South Carolina Court of General Sessions before Judge John C. Few on June 26, 2001. Petitioner did not appeal his conviction or sentence. Petitioner filed an application for post-conviction relief (PCR) on April 19, 2002 which was denied by order of Judge J. Derham Cole dated January 5, 2004. Petitioner filed an appeal from the order. The Supreme Court denied the petition on May 18, 2005 and the remittitur came down on June 6, 2005.

Respondents filed a motion for summary judgment in the case at bar on October 26, 2005. United States Magistrate Judge Thomas E. Rogers, III, issued an order filed October 28, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising petitioner of the motion for

1

summary judgment procedure and the possible consequences if he failed to respond adequately. On January 9, 2006, petitioner filed a response to respondents' motion for summary judgment.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 this matter comes before the court with the Report and Recommendation ("R&R") of United States Magistrate Judge Thomas E. Rogers, III, filed August 1, 2006. This court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b).

Based on a review of the record, the Magistrate Judge concluded that summary judgment should be granted. The Magistrate Judge advised petitioner of the procedures and requirements for filing objections to the report. On August 28, 2006, petitioner filed his objections to the Report.

Petitioner asserts in his first objection that the Magistrate Judge erroneously found that the petitioner's entire response in opposition to the motion for summary judgment was contained in one paragraph. On the contrary, the petitioner states that "his entire response in opposition to the Respondent's Motion for Summary Judgment can only be determined from reviewing his total and complete 'Memorandum In Opposition to Respondent's Motion for Summary Judgment." This Court will consider all arguments made by the petitioner insofar as they relate to his objections.

The petitioner's second objection avers that he has proved that his trial attorney, Benjamin McClain, was ineffective in his failure to adequately investigate the case, which allegedly resulted in prejudice to the petitioner. Specifically, the petitioner contends that his attorney did not explain the possible defense of entrapment to him and, in fact, advised him that he had no defense to the charges.

He thus asserts that his plea was based on a misunderstanding and was invalid under *Blackledge v. Allison*, 431 U.S. 63 (1977).

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). In the case of *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first prong, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms." *Id*. at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Turner v. Bass*, 753 F.2d 342, 348 (4th Cir. 1985), *quoting Strickland, rev'd on other grounds* 476 U.S. 28 (1986). In meeting the second prong, a complaining defendant must show that he was prejudiced before being entitled to reversal: "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694-695. The Supreme Court clarified the meaning of prejudice in *Lockhart v. Fretwell*, 506 U.S. 364 (1993), holding that an appropriate inquiry for prejudice is a consideration "whether the result of the proceeding was fundamentally unfair or unreliable." Accordingly, a reviewing court should not "set aside a conviction or sentence solely because the outcome would have been different but for counsel's error." *Williams v. Taylor*, Nos. 98-14, 98-16, 1998 WL 883336 (4th Cir. 1998), quoting *Lockhart* at 369-70.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal habeas court must determine whether the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1). The court's analysis should center on whether the state courts properly applied the *Strickland* test. *See Williams v. Taylor*, 529 U.S. 362 (2000) ("*Strickland* test provides sufficient guidance for resolving virtually all ineffective assistance of counsel claims.").

As pointed out by the Magistrate Judge, the defense of entrapment has two elements, inducement by the government and lack of predisposition. *See State v. Brown*, 362 S.C. 258, 607 S.E.2d 93 (Ct. App. 2004), *cert. denied*, April 6, 2006. Even if the petitioner had been able to make a case for entrapment, he must also establish prejudice from his attorney's failure to discuss this possible affirmative defense with him. In order to do so, petitioner would need to show that he would not have pleaded guilty.

Petitioner's attorney contends in his third objection that a reasonable person would believe, after reviewing the PCR transcript, that the petitioner would not have pleaded guilty had his trial counsel informed him of the possible entrapment defense. However, the Court has reviewed the transcript of the PCR hearing and does not agree with the interpretation by the petitioner's attorney of his testimony. As a matter of fact, the petitioner testified that he compared the sentence of eighteen years offered in the plea deal with the possible sentence of thirty years if he did not plead and that he wanted to get out of jail sooner to spend time with his family.

Moreover, it appears that the petitioner received valuable concessions from the state in

connection with the plea, notably, he was charged initially with trafficking cocaine more than four hundred grams, with a possible sentence of twenty-five to thirty years in addition to possession of a firearm during commission of a violent crime. The petitioner was allowed to plead guilty to trafficking cocaine twenty-eight to one hundred grams, and the offense of possession of a firearm was dropped. It further appears that the petitioner had made a statement to law enforcement admitting to attempting to purchase cocaine and a videotape had been made of the undercover officer's attempt to sell the petitioner the illegal drugs.

A guilty plea is constitutionally valid if it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56. A plea is knowingly and intelligently made if a defendant is fully aware of the direct consequences of his guilty plea and not induced by threats, misrepresentation, including unfulfilled or unfulfillable promises, or by promises that are by their nature improper as having no relationship to the prosecutor's business. *Brady v. U.S.*, 397 U.S. 742, 755 (1970).

The petitioner has shown no prejudice, so these objections are overruled. The petitioner has failed to show that the state PCR court in denying the petition made a decision contrary to federal law or which was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding under 28 U.S.C. § 2254(d)(1).

## Conclusion

The court has reviewed the Report, objections, pleadings, memoranda, and applicable law. The court overrules all objections and adopts the Report and Recommendation as modified and incorporates it herein by reference. Accordingly, respondents' motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED.**

                                          s/ R. Bryan Harwell
                                          R. Bryan Harwell
                                          United States District Judge

September 28, 2006
Florence, SC